IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR 08-2897 RB |
| ) | |
| MATTHEW THYBERG, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Plaintiff's Notice of Intent to Use Evidence Pursuant to Rule 404(b) of the Federal Rules of Evidence (Doc. 42), filed on August 28, 2009, and Motion in Limine Regarding Hearsay Statements Made by Abraham Martinez (Doc. 43), filed on August 28, 2009. The Court heard argument on these motions on September 10, 2009. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that evidence of Defendant's prior convictions for felon in possession of a firearm are inadmissible under Rule 404(b), and that the video-taped interview of Abraham Martinez is inadmissible hearsay.

**1.  Notice of Intent to Use Evidence Pursuant to Rule 404(b).**

The United States has given notice, pursuant to Fed. R. Evid. 404(b), that it intends to offer at trial evidence of Defendant's three prior convictions for being a felon in possession of a firearm. Defendant responds that the prior convictions should not be admitted because they are extremely prejudicial and the United States has failed to articulate a valid ground for their admission.

Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of

>a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).

Rule 404(b) evidence is properly admitted when (1) the evidence is offered for a proper purpose; (2) it is relevant; (3) its probative value is not substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court gives a proper limiting instruction, if it is requested by the defendant. *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007).

The key question is whether the evidence is offered for a proper purpose. In order to obtain a conviction for felon in possession of a firearm, the United States must prove: "(1) the defendant was previously convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce." *See United States v. Ledford*, 443 F.3d 702, 705 (10th Cir. 2005). The United States offers the evidence to show that Defendant knowingly possessed the firearm.

Defendant has listed Abraham Martinez as a defense witness. (Doc. 55.) In a video-taped interview, Mr. Martinez claims that he, and not Defendant, possessed the firearm at issue on July 18, 2008. According to Mr. Martinez, Defendant did not drop the firearm in the field; Mr. Martinez threw the firearm into the grass near Plaintiff as Plaintiff walked through the field. Defendant refers to Mr. Martinez's statements as the "heart" of his case. Clearly, Defendant's theory of the case is that Defendant never possessed the gun. Defendant does not challenge the "knowingly" component of the second element.

In cases involving constructive possession of a firearm, evidence of the prior convictions shows "knowledge, intent, and absence of mistake or accident," which are proper purposes under

2

Rule 404(b). *Moran*, 503 F.3d at 1144; *see also United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994) (affirming district court's admission of prior gun possession to show knowledge). In *Moran*, the defendant claimed he did not know the firearm, which belonged to his girlfriend, was in the SUV he was driving. *Moran*, 503 F.3d at 1144. The Tenth Circuit held that admission of a prior conviction was for a proper purpose because the defendant denied knowledge of the firearm.

Similarly, in *Mills*, the subject firearms were found in a compartment in the dining room table in a house the defendant shared with at least one other person. *Mills*, 29 F.3d at 547. The trial court admitted evidence that the defendant handled other firearms on his property six days prior to the charged conduct to suggest that the defendant had knowledge guns were on his property. *Id.* at 549. The Tenth Circuit held that the district court did not abuse its discretion by admitting evidence of the earlier possession of firearms by the defendant. *Id*. *Moran* and *Mills* are distinguishable because Defendant has not, as of yet, denied knowledge of the firearm.

The United States also relies on *United States v. Tan*, 254 F.3d 1204 (10th Cir. 2001), which involved a prosecution for vehicular homicide. *Id.* at 1206. The defendant moved to exclude evidence of his prior DWI convictions. *Id.* The government argued that the prior convictions were offered to prove that Defendant acted with malice aforethought, a required element of the charge of second degree murder. *Id.* at 1207. Defendant argued that the prior convictions were offered to show criminal propensity and were more prejudicial than probative. *Id.* The Tenth Circuit reversed the district court's exclusion of the prior convictions, holding that the "prior drunk driving convictions offered to prove the malice component of a second degree murder charge resulting from an alcohol related vehicular homicide are offered for a proper purpose under Rule 404(b)." *Tan*, 254 F.3d at 1211.

The crime of felon in possession under 18 U.S.C. § 922(g)(1) is a general intent crime. *See*

3

*Ledford*, 443 F.3d at 716.  The government need not prove any particular "intent," but must show only that a felon possessed a firearm "knowingly."  *Id.*  In contrast, the second degree murder charge in *Tan* required the government to prove malice aforethought.  *Tan*, 254 F.3d at 1207.  For this reason, *Tan* is inapposite to the issue herein.

Defendant's theory of the case, as revealed to this point, is that he did not possess the firearm.  At this time, Defendant has not denied knowledge or alleged that he mistakenly possessed the firearm.  Unless and until Defendant raises lack of knowledge as a defense, the prior convictions are not offered for a proper purpose within the meaning of Rule 404(b).  The Court emphasizes that this ruling is subject to revision in the event knowledge becomes an issue.

### B.     Motion in Limine Regarding Hearsay Statements Made by Abraham Martinez.

Defendant has identified his half-brother, Abraham Martinez, as a defense witness.  In a video-taped interview with defense counsel, Mr. Martinez claims that he, and not Defendant, possessed the gun on July 18, 2008.  Mr. Martinez relates that he owned the gun and he carried it as he walked with Defendant when they were observed by Officer Rogers.  Mr. Martinez claims that he threw the gun into the field where it was found by Officer Rogers.  Mr. Martinez admits he had been on a drinking binge and was high at the time of the incident.  Mr. Martinez explains that he did not come forward sooner because he was on probation and possession of a firearm would have violated the terms of his probation.

On August 18, 2009, Mario Esparza was appointed to represent Mr. Martinez.  The fact that Mr. Martinez was high at the time of the incident, inter alia, might expose Mr. Martinez to criminal liability under 18 U.S.C. §§ 922(g)(9) and 922 (g)(3).  It is not known whether Mr. Martinez will invoke his right against self-incrimination at trial.

The statements in the video-taped interview are hearsay in that they are out-of-court

4

statements offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). The United States argues that the statements are inadmissible under the hearsay exceptions set out in Rule 804(b)(3) and Rule 807. In response, Defendant contends, *inter alia*, that "Mr. Martinez's confession goes to the heart of the case".

Rule 804(b)(3) provides:

**Statement against interest.** A statement against interest which was at the time of its making so far contrary to the defendant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. *A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.*

Fed. R. Evid. 804(b)(3) (emphasis added).

A defendant seeking to admit hearsay evidence under Rule 804(b)(3) to exculpate himself must show (1) an unavailable declarant; (2) a statement against penal interest; and (3) sufficient corroboration to clearly indicate the trustworthiness of the statement. *United States v. Spring*, 80 F.3d 1450, 1460-61 (10th Cir. 1996). "The determination of the sufficiency of such corroborating evidence lies within the sound discretion of the trial court." *United States v. Porter*, 881 F.2d 878, 883 (10th Cir. 1989) (quotation omitted).

If Mr. Martinez asserts his Fifth Amendment rights, he would be unavailable to testify. The statements are against Mr. Martinez's penal interest. *See Williamson v. United States*, 512 U.S. 594, 605-06 (1994) (statement is against penal interest where it so far tends to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true.) The issue is whether sufficient corroborating circumstances clearly indicate the trustworthiness of the statements.

Defendant has not established any corroborating circumstances to show, let alone clearly indicate, the trustworthiness of the statements. The close family relationship between Mr. Martinez and Defendant provides a reason for Mr. Martinez to help Defendant by fabricating a story that the gun belonged to him. Mr. Martinez admits that he was high and fresh off a drinking binge at the time of the incident and from his demeanor on the video, he might well have been still feeling the effects at the time of the interview. Additionally, the contents of the statement, *i.e.*, that Mr. Martinez threw a gun into the grass near where Defendant was walking in order to evade police detection of the gun, is incredible. The fact that Officer Rogers testified at the suppression hearing that he observed Defendant drop an oblong, black object in the field further undermines the trustworthiness of the statements. In that there are insufficient corroborating circumstances to clearly indicate trustworthiness, the statements are inadmissible under Rule 804(b)(3).

The statements are also inadmissible under Rule 807, which provides that a statement with guarantees of trustworthiness may be admitted if (1) it is evidence of a material fact; (2) is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) admission of the statement would serve the purposes of the rules and interests of justice. Fed. R. Evid. 807.

The Tenth Circuit has observed that " 'an expansive interpretation of the residual exception would threaten to swallow the entirety of the hearsay rule.'" *United States v. Lawrence*, 405 F.3d 888, 902 (10th Cir. 2005) (quoting *United States v. Tome*, 61 F.3d 1446, 1452 (10th Cir. 1995)). Accordingly, Rule 807 should only be applied "in extraordinary circumstances where the court is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice." *Id.* As discussed above, this case does not present such circumstances. The statements are neither probative nor necessary in the interest of justice. Thus,

6

the statements are inadmissible under Rule 807.

The Court plans to revisit this matter on the morning of trial.  Counsel will have the opportunity to put Abraham Martinez on the stand and determine whether he will invoke his right against self-incrimination before voir dire on September 16, 2009 at 8:30 a.m.  If Mr. Martinez does not invoke the Fifth Amendment, Defendant may call him to testify at trial.  Regardless of whether or not Mr. Martinez invokes, the statements on the video would be inadmissible hearsay, *i.e.*, for their truth.  Unless or until the Court rules otherwise, Defendant shall make no reference to the statements on the video in the presence of the jury.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Notice of Intent to Use Evidence Pursuant to Rule 404(b) of the Federal Rules of Evidence (Doc. 42), filed on August 28, 2009, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine Regarding Hearsay Statements Made by Abraham Martinez (Doc. 43), filed on August 28, 2009, is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**