# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. CV 16-613 RB/WPL
                                                      No. CR 08-2897 RB

MATTHEW THYBERG,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Matthew Thyberg, through appointed counsel, filed a Petition to Correct His Illegal Sentence Pursuant to 28 U.S.C. § 2255. (CV Doc. 1; CR Doc. 113.)[1] He argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), disqualifies the two New Mexico convictions for aggravated assault with a deadly weapon used to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), and entitles him to resentencing. (Doc. 1 at 1.) Thyberg later filed a pro se § 2255 petition (Doc. 5), and through counsel a Motion to Allow Amendment of Petition (Doc. 15), to which the United States filed a response (Doc. 16). Because his claims may be resolved on the record alone, I have not conducted an evidentiary hearing. I recommend the Court deny both § 2255 petitions and the motion to amend.

### BACKGROUND

Thyberg pleaded not guilty to an indictment charging him with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (CR Docs. 2 at 2; 14 at 1.) He proceeded to a jury trial with appointed counsel and was found guilty of

---

[1] Documents filed in both cases are cited by their docket number in the civil case.

being a felon in possession of a firearm on September 17, 2009. (CR Docs. 21-1 at 2; 66 at 1; 70 at 1.)

The Presentence Report ("PSR") classified Thyberg as an armed career criminal under 18 U.S.C. § 924(e)(1) using the following three violent felony predicate convictions: (1) aggravated assault with a deadly weapon in violation of NMSA § 30-3-2(A) (1978) in case number CR-96-264; (2) aggravated assault with a deadly weapon in violation of NMSA § 30-3-2(A) and conspiracy to commit 3rd or 4th degree felony[2] in case number CR-2000-158; and (3) residential burglary[3] in case number CR-2003-196. (Doc. 11-1 at 4, 6; Doc. 1 at 5.) Thyberg's total offense level was 33 (Doc. 11-1 at 6); his criminal history category was VI (*id.* at 19); and his guideline imprisonment range was 235 to 292 months (*id.*). On January 14, 2010, the Honorable Robert C. Brack sentenced Thyberg to a term of 260 months imprisonment. (CR Doc. 81 at 2.)

On June 21, 2016, Thyberg, via appointed counsel, filed his § 2255 petition. (Doc. 1.) Two days later, on June 23, 2016, he mailed a pro se § 2255 petition to the Court, which was received on June 27, 2016. (Doc. 5 at 18-19.)

On July 21, 2016, the United States filed an Unopposed Motion to Stay, stating that "the issue raised by the defendant is presently pending before the Tenth Circuit" in *United States v. Maldonado-Palma*. (Doc. 9 at 1.) I granted the motion and stayed the case. (Doc. 10.)

Three months after the stay, on October 25, 2016, the Tenth Circuit issued its decision in *Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016). The United States then filed an Unopposed Motion to Reinstitute § 2255 Proceedings and Set Response Deadline. (Doc. 12.) I granted the motion and set the response deadline. (Doc. 13.)

---

[2] Neither the PSR nor the briefing includes a citation to the specific section of the NMSA.
[3] Neither the PSR nor the briefing includes a citation to the specific section of the NMSA.

On November 29, 2016, Thyberg filed a Motion to Allow Amendment of Petition. (Doc. 15). The motion, "[w]ithout waving the arguments" in the initial petition, "requests that he be permitted to amend his petition for the purposes of including a second argument"—i.e., "whether New Mexico' [sic] burglary statute can be used to enhance a sentence under the Armed Career Criminal Act"—because the "crux" of his operative petition "is the same as that in [*Maldonado-Palma*]," which is a decision that "cuts against" his argument. (*Id.* at 1.) Curiously, the motion contains no discussion of the legal standard for granting a motion to amend a § 2255 petition. (*See id.* at 1-2.) The United States filed a response, arguing, among other things, that Tenth Circuit case law forbids amendment in this circumstance. (Doc. 16 at 3-4.)

## DISCUSSION

I address Thyberg's later filed motions—the pro se § 2255 petition and motion to amend—first because their resolution bears on the resolution of his initial § 2255 petition.

Thyberg's pro se § 2255 petition is of no effect because it violates D.N.M.LR-Civ. 83.5. The rule states that "[a] party who is represented by an attorney may not personally make any filings, other than a notice of appeal, or represent himself or herself unless otherwise ordered." D.N.M.LR-Civ. 83.5. Because neither exception applies, the later filed petition should be disregarded.

As for Thyberg's motion to amend, it must be denied because his counsel failed to attach a copy of the new petition (*see* Doc. 15), which violates D.N.M.LR-Civ. 15.1, which states that "[a] proposed amendment to a pleading must accompany the motion to amend."

Nevertheless, I address the merits of Thyberg's motion to amend because, even if he follows the local rule and resubmits the motion, it should be denied. The inquiry begins with examining the timeline of the *Johnson* decision relative to the motion to amend and limitation

period in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a "1-year period of limitation" on § 2255 petitions that "shall run from the latest of": (1) the date of final judgment; (2) the date the illegal impediment that prevented the petitioner from filing his petition was removed; (3) the date the Supreme Court recognized a new right "retroactively applicable to cases on collateral review"; or (4) the date additional facts to support the claim "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4). Thyberg's petition under *Johnson* invokes subsection (3). Comparing the date *Johnson* was decided— June 26, 2015, *see* 135 S. Ct. 2551 (2015)—with the date Thyberg filed his motion to amend—November 29, 2016 (Doc. 15)—reveals that the motion was filed five months after AEDPA's one-year limitation period had expired.

Motions to amend in this posture are considered under Federal Rule of Civil Procedure 15(c)(1)(B), which states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *See United States v. Espinoza-Saenz*, 235 F.3d 501, 503 (10th Cir. 2000) (noting that "Rule 15(c) as it relates to a § 2255 motion" was an issue of first impression in the Tenth Circuit and crafting a new rule of law). In *Espinoza-Saenz*, the petitioner filed "a supplemental motion asserting a number of ineffective assistance of counsel claims" two months after AEDPA's one-year limitation period had expired. *Id.* The district court found the motion barred by AEDPA's one-year limitation period and transferred it to the Tenth Circuit as a second or successive petition. *Id.* The Tenth Circuit reviewed decisions from four other circuits before establishing that:

> pursuant to Rule 15(c), an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original

4

motion may, in the District Court's discretion, relate back to the date of the original motion if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.

235 F.3d at 505 (quotation omitted).

The court held that the district court did not abuse its discretion because the ineffective assistance claims in the supplemental motion "were completely new" and "not clarifying" because they were "totally separate and distinct, in both time and type, from those raised in [the] original motion." *Id.* (citation and internal quotation omitted). The final paragraph of the decision also provided further guidance. *Id.* The court noted that the new rule of law should be construed narrowly to comply with Congress's intent in enacting the one-year limitation period in AEDPA. *Id.* It reasoned that granting motions to amend under the "broad umbrella" of "a defendant's trial and sentencing" "would be tantamount to judicial rescission of AEDPA's statute of limitations period." *Id.*

Here, like in *Espinoza-Saenz*, Thyberg filed an untimely motion to amend asserting a "completely new" claim that was unrelated "in both time and type" to his prior, timely filed claims. *Id.* His new claim—that his conviction for residential burglary does not qualify as an ACCA predicate—has no temporal or substantive connection to his prior claim that his convictions for aggravated assault do not qualify as ACCA predicates. (*Compare* Doc. 11-1 at 10-11 (stating that the residential burglary conviction in 2004 was based on Thyberg kicking in the side door of a residence and stealing items totaling $759) *with id.* at 10 (stating that the aggravated assault conviction in 2000 was based on Thyberg punching and repeatedly stabbing a male victim at a party).) Given that the two cases are unrelated, Thyberg's challenge to his burglary conviction does not clarify his challenge to his aggravated assault convictions. Also, when considered more broadly, Thyberg's new claim can be categorized as a challenge to his

5

sentencing, which is a type of amendment the Tenth Circuit expressly rejected in *Espinoza-Saenz*. 235 F.3d at 505.

Turning to Thyberg's initial § 2255 petition, the question is whether his prior New Mexico felony convictions for aggravated assault qualify as violent felonies under the ACCA and permit sentence enhancement. The ACCA mandates a fifteen-year minimum sentence for "a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or serious drug offense, or both." 18 U.S.C. § 924(e)(1). It contains three separate clauses under which a violent felony may be used as a predicate for enhancement: (1) the so-called "elements clause," which includes an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) the so-called "enumerated offenses" clause, which lists "burglary, arson, or extortion, [or an offense that] involves the use of explosives"; and (3) the so-called "residual clause," which includes an offense that "otherwise involves conduct that presents a serious potential risk of injury to another." 18 U.S.C. § 924(e)(2)(B)(i),(ii). The residual clause was found unconstitutionally vague in *Johnson*, 135 S. Ct. at 2563, but the Court clarified that its "decision does not call into question application of the Act to . . . the remainder of the Act's definition of a violent felony." *Id.*

Thyberg's sentence enhancement, then, should be upheld if his prior convictions for aggravated assault qualify as violent felonies under either the elements clause or enumerated offenses clause. Thyberg argues that neither is applicable, so the Court must have relied on the unconstitutional residual clause to enhance his sentence. (Doc. 1 at 3, 11.) The United States counters that the aggravated assault convictions qualify under the elements clause. (Doc. 14 at 3-5.)

As noted by the United States in its motion to stay, the Tenth Circuit addressed a similar circumstance in *Maldonado-Palma*. There, the court examined whether the defendant's prior New Mexico conviction for aggravated assault under NMSA § 30-3-2(A) qualified as a crime of violence and permitted sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), titled "Unlawfully Entering or Remaining in the United States." 839 F.3d at 1245. The court considered whether the enhancement was valid under the "elements clause" of § 2L1.2. *Id.* at 1250. It employed the categorical approach to compare the elements of NMSA § 30-3-2(A) with the elements of § 2L1.2 to determine if "the statute . . . required proof of the use, threatened use, or attempted use of physical force." *Id.* at 1247 (citation omitted). The court found a sufficient match and held that "aggravated assault with a deadly weapon under N.M. Stat. Ann. § 30-3-2(A) is categorically a crime of violence under U.S.S.G. § 2L1.2" because "the perpetrator . . . must employ the deadly weapon in committing the assault." *Id.* at 1250.

Though Thyberg's sentence was enhanced under the ACCA and not U.S.S.G. § 2L1.2, the Tenth Circuit has "occasionally looked to precedent under one provision for guidance under another," "[g]iven the similarity in language between the ACCA and USSG." *United States v. Ramon Silva*, 608 F.3d 663, 671 (10th Cir. 2010). In the years since *Ramon Silva*, the Tenth Circuit appears to have normalized this practice: *Maldonado-Palma* notes in an explanatory parenthetical that *Ramon Silva* "approv[ed] use of precedents under one as guidance in interpreting the other." 839 F.3d at 1248.

Using the precedent from *Maldonado-Palma* as guidance here is appropriate because the operative phrases in U.S.S.G. § 2L1.2 and the ACCA are nearly identical. (*Compare* U.S.S.G. § 2L1.2(b)(1) commentary ("'Crime of violence' means . . . any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force

7

against the person of another") *with* 18 U.S.C. § 924(e)(1) ("'crime of violence' means an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another").)

The case most helpful to Thyberg is *United States v. Rede-Mendez*, 680 F.3d 552, 560 (6th Cir. 2012), which was decided three years before *Maldonado-Palma* and reached the opposite conclusion. (*See* Doc. 1 at 6-8.) There, the Sixth Circuit held that NMSA § 30-3-2(A) was not categorically a violent felony under the elements clause of U.S.S.G. § 2L1.2(b) because a defendant could commit the underlying assault verbally and merely possess, but not wield, the deadly weapon. *Rede-Mendez*, 680 F.3d at 559-560. The Tenth Circuit, however, expressly rejected *Rede-Mendez* in *Maldonado-Palma*. 839 F.3d at 1250 n.9 ("Mr. Maldonado asks us to follow . . . *Rede–Mendez* . . . [but] [w]e are not persuaded by that circuit's analysis because it did not consider the import of New Mexico's requirement that the deadly weapon be actively employed in committing the assault.").

Given the Tenth Circuit's recent decision in *Maldonado-Palma*, I recommend the Court conclude that Thyberg was correctly classified as an armed career criminal at sentencing because his convictions for aggravated assault under NMSA § 30-3-2(A) qualify as crimes of violence under the elements clause of the ACCA.

## CONCLUSION

Thyberg's pro se § 2255 petition (Doc. 5) is of no effect because he was represented by counsel when he filed it, which violates the prohibition in D.N.M.LR-Civ. 83.5 against represented parties filing pleadings. His motion to amend (Doc. 15) should be denied because his counsel failed to attach a copy of the amended petition, which violates D.N.M.LR-Civ. 15.1, and his new claim is totally unrelated to his prior claims, which violates the requirement in *Espinoza-*

8

*Saenz* that a supplemental petition clarify earlier claims. And his initial § 2255 petition (Doc. 1) should be denied because his two prior convictions for aggravated assault with a deadly weapon qualify as violent felonies under the elements clause of the ACCA per *Maldonado-Palma*.

I recommend that Thyberg's Petition to Correct his Illegal Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) be denied and this case be dismissed with prejudice. I further recommend that the Court deny a Certificate of Appealability. *See* 28 U.S.C. § 2253(c).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE